UNITED STATES of America,
Plaintiff–Appellee,

v.

Cynthia REYNOLDS,
Claimant–Appellant,

and

Two Tracts of Real Property, Containing 30.80 Acres, More or Less, With Appurtenances, Located in Bruce Township, Guilford County, North Carolina, Defendant.

No. 87–2646.

United States Court of Appeals, Fourth Circuit.

Argued July 7, 1988.

Decided Sept. 14, 1988.

John William Kirkman, Jr. (James A. Alspaugh, Rodney D. Tigges, Rivenbark, Kirkman, Alspaugh & Moore, on brief), for claimant-appellant.

Richard Lee Robertson, Asst. U.S. Atty. (Robert H. Edmunds, Jr., U.S. Atty., Becky M. Strickland, CLA, Paralegal Specialist, on brief) for plaintiff-appellee.

Before WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

Pursuant to 21 U.S.C. § 881(a)(7), the government sought forfeiture of two tracts of land which Cynthia G. Reynolds possessed under a 14–year lease with an option to purchase. The government alleged that the two tracts of real property in Guilford County, North Carolina, with appurtenances, were used in cocaine distribution. After a two-day bench trial, the district court found that one of the tracts, containing approximately 30.60 acres, was used to facilitate the distribution of cocaine hydrochloride and ordered its forfeiture.[1] The district court ruled that the other tract was not so used and dismissed the government's complaint seeking its forfeiture.

The claimant, Reynolds, appeals, contending that the district court erred in ordering forfeiture of the entire second tract

1. *United States v. Two Tracts of Real Property, Containing 30.80 Acres, More or Less, With Appurtenances, Located in Bruce Township, Guil-* *ford County, North Carolina,* 665 F.Supp. 422 (M.D.N.C.1987).

based upon evidence that only a relatively small portion of the tract, i.e. the house, driveway and swimming pool, was used to facilitate the distribution of cocaine. We affirm.

## I.

After making detailed findings concerning cocaine trafficking on the property, *see Two Tracts*, 665 F.Supp. at 426, the district court ordered forfeited the tract, as described in the lease and option to purchase, containing the house, driveway, and swimming pool, which the district court found were used to facilitate illicit drug deals.[2]

The judgment of forfeiture was sought and obtained pursuant to the Comprehensive Drug Abuse and Prevention and Control Act of 1970, as amended in 1984. That statute, 21 U.S.C. § 881(a), provides in part:

(a) Property subject

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

\* \* \* \* \* \*

(7) All real property, including any right, title, and interest *in the whole of any lot or tract of land and any appurtenances or improvements*, which is used, or intended to be used, *in any manner or part*, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

21 U.S.C. § 881(a)(7) (West Supp.1988) (emphasis supplied).

## II.

The sole question on this appeal is whether the district court erred in granting a judgment of forfeiture when it found that only a part of the tract and appurtenances were used for drug deals. The claimant contends that the district court erred, arguing that the statutory provisions should not be interpreted to permit forfeiture of an entire tract of land as described in the instrument conveying the claimant's interest.

■ We disagree. The words of the statute alone answer the contention. In choosing the language "interest in the *whole* of any lot or tract of land ... which is used, or intended to be used, *in any manner or part*," 21 U.S.C. § 881(a)(7) (emphasis added), Congress expressly contemplated forfeiture of an entire tract based upon drug-related activities on a portion of a tract. The statute is so clear that resort to extrinsic aids to seek its meaning are unnecessary. Nevertheless, we note that the legislative history, in stating that the amendment to subsection 881(a) was part of an attempt "to eliminate the statutory limitations and ambiguities that have frustrated active pursuit of forfeiture by Federal law enforcement agencies," S.Rep. No. 225, 98th Cong., 2d Sess. 192, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3375, supports the literal meaning of the statute.[3]

■ Reynolds' argument necessarily entails the introduction of such ambiguities. Noting that the forfeiture statute does not define "tract," Reynolds contends that "tract" should be defined narrowly to be consistent with legislative purpose. How-

---

**2.** Prior to the judgment of forfeiture, the government had purchased the reversionary interest from the owner and note held by him as part security for the transaction.

**3.** We do not undertake a detailed analysis of Congressional intent in light of the clear statutory mandate. *See United States v. Harvey*, 814 F.2d 905, 913 (4 Cir.1987) ("Statutory construction properly begins with examination of the literal language of the statute ... and it proper-

ly ends there unless the language is ambiguous ... or would, as literally read, contravene a clearly expressed legislative intention...."); *cf. United States v. Littlefield*, 821 F.2d 1365, 1367 (9 Cir.1987) (reversing district court decision denying forfeiture of over forty acres pursuant to 21 U.S.C. § 853, an analogous criminal forfeiture provision, but stating that absent the statutory language "in any manner or part" the "district court's interpretation would be plausible").

ever, Reynolds does not provide a plausible alternative source for the definition of "tract" to supplant the natural source for its definition: the instrument creating an interest in the property. In particular, we do not think, contrary to Reynolds' argument, that § 881(a)(7) admits of ad hoc definitions of "tract" by federal courts on a case-by-case basis. Given clear statutory language allowing for the forfeiture of an entire tract based upon use of a portion, we think that that language should be literally followed.

Reynolds' reliance upon judicial decisions involving alcoholic beverage prohibition statutes is misplaced because the language of those statutes is markedly different from § 881(a)(7). For example, in *United States v. About 151.682 Acres of Land,* 99 F.2d 716 (7 Cir.1938), cited by Reynolds, the Seventh Circuit concluded that a prohibition statute was not intended to permit the forfeiture of an entire farm when a distillery on the farm was forfeited. The statute provided for the forfeiture of "the distillery, distilling apparatus, and all real estate and premises *connected therewith,*" *id.* at 719 (emphasis added), and the Seventh Circuit did not perceive "proof that there was a *connection or relation* between the farm and the distillery," *id.* at 720 (emphasis added). By contrast, Congress did not choose such limiting language, in enacting § 881(a)(7), but clearly contemplated a broader scope of forfeiture by providing for forfeiture "in whole" based upon use of property "in any manner or part" to facilitate federal drug law violations.

### III.

■ Reynolds' further contention that the district court's findings of fact do not support its conclusions of law is without merit. Her argument is that the district court found that only the house, driveway and swimming pool were used for an illicit purpose and therefore only these parts of the tract should be forfeited. There was ample evidence that Reynolds knew that parts of the subject property were being used to facilitate illegal cocaine trafficking

and as we have demonstrated, the statute authorizes the forfeiture of the entire tract on which they were located.

AFFIRMED.