UNITED STATES of America, Plaintiff,

v.

ALL RIGHT, TITLE AND INTEREST IN PROPERTY KNOWN AS 303 WEST 116TH STREET, NEW YORK, NEW YORK, Defendant–in–Rem.

No. 88 Civ. 2691 (KTD).

United States District Court, S.D. New York.

April 11, 1989.

---

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for plaintiff; Timothy MacFall, Asst. U.S. Atty., of counsel.

James Kimbrough, Attica, N.Y., pro se.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

The United States of America (the "Government") moves for summary judgment pursuant to Fed.R.Civ.P. 56 in this civil action for forfeiture of All Right, Title and Interest in Property Known as 303 West 116th Street, New York, New York ("the Property"). James Kimbrough, claimant *pro se*, opposes the motion. For the following reasons, the Government's motion is granted.

## FACTS

The Property is owned by Kimbrough Brothers Realty, Inc. ("KB Realty"). James Kimbrough is the President of KB Realty. He is currently serving a term of incarceration for two New York state convictions of narcotics-related offenses. One of those convictions was of criminal sale of a controlled substance in the third degree in violation of N.Y. Penal Law § 220.39 (McKinney 1980 & Supp.1989). The evidence presented at the state criminal bench trial showed that during a "buy and bust" operation conducted at the Property in April 1987 James Kimbrough was present on the Property when the undercover officer entered, supplied the seller with a number of vials that contained crack, and, upon arrest, was in possession of the currency used by the undercover officer for the "buy." Following his conviction, James Kimbrough was sentenced on March 29, 1988, by the Supreme Court, New York County (Rubin, J.) to four and one-half to nine years' imprisonment (the "1988 conviction").

Willie Kimbrough, James Kimbrough's brother, is currently serving a term of probation for conviction of a narcotics-related offense. Willie Kimbrough is also currently facing a seven count indictment charging him with narcotics-related offenses that are at least in part based on his activities on the Property in March 1988. In support of his claim to the Property, James Kimbrough asserts that Willie Kimbrough is not an officer, agent, or employee of KB Realty but lives on the Property as "a rent free squatter." Letter of James Kimbrough filed July 15, 1988, at 4.

The Property is located in an area notorious for its drug trafficking problems in the Harlem section of New York City. Police surveillance of the Property appears to have been initiated after police officers performing investigations in the area on two unrelated matters, one in January 1988 and one in March 1988, observed behavior consistent with narcotics trafficking. James Kimbrough was present during the police investigatory visit in January.

The behavior observed at the Property and believed by narcotics officers to be consistent with narcotics trafficking include a regular pattern of people entering the storefront of the Property, after admission by a person that appeared to be guard-

ing the door, and departure a few moments later without any visible parcels. Upon entry to the Property after a delay by the door guard, a police officer observed that the storefront did not contain any items consistent with a legitimate business.

During the period of focused police surveillance of the Property, a number of individuals were arrested after leaving the Property for criminal possession of "crack." One of these individuals agreed to cooperate with the police and described events in the Property storefront consistent with an ongoing business of crack sales. A confidential informant also purchased crack inside the Property storefront and confirmed the description of the business.

In addition, police officers observed the removal of an exterior stairway and placing of barriers that obstructed view of the inside of the storefront area from the street. Such structural changes, are, in Drug Enforcement Agent Camille Colon's experience, consistent with the actions of drug traffickers who hope to provide hiding places, escape routes, and barriers to law enforcement entry. Exhibit 1 in Support of Government's 3(g) Statement, Affidavit of Camille Colon In Support of A Seizure Warrant Pursuant to 21 U.S.C. § 881(b), Rider Affidavit, ¶ 8.

Based on police information and affidavits of Agent Colon, seizure and search warrants were issued for the Property by Magistrate Buchwald of this court on April 12, 1988. Upon execution of the warrants on April 13, 1988, the agents seized approximately 55.8 grams of crack, drug paraphernalia, money, and two loaded guns. Willie Kimbrough was on the property at that time, was arrested, and has been charged with narcotics and weapons offenses as noted above.

## DISCUSSION

The Court of Appeals for this Circuit has held:

> To establish a prima facie case for forfeiture ... the Government need only demonstrate probable cause for forfeiture. To satisfy the probable cause requirement, the Government must have reasonable grounds to believe that certain property is subject to forfeiture. These grounds must rise above the level of mere suspicion but need not amount to what has been termed "prima facie proof." The Government must have probable cause to connect the property with narcotics activity, but need not link the property to a particular transaction.

*United States v. Banco Cafetero Panama,* 797 F.2d 1154, 1160 (2d Cir.1986) (citations omitted). *See also* 21 U.S.C. § 881(d) (1982 & Supp. IV 1986); 19 U.S.C. § 1615 (1976).

In this case, the Government seeks forfeiture of the Property pursuant to 21 U.S.C. §§ 881(a)(7), 841(a)(1), 841(b)(1), 846 and 812 (1982 & Supp. IV 1986). Section 881(a)(7) provides that real property is subject to forfeiture if it was "used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment...." 21 U.S.C. § 881(a)(7). The remaining listed sections define violations within the meaning of § 881.[1]

■ There can be no doubt that the Government has met its probable cause burden here. It has submitted the certified trial transcript and record of conviction of James Kimbrough for sale of narcotics on the Property, the affidavit of Agent Colon describing information obtained through police observation and informants regarding the sale of narcotics on the Property,

---

1. The aspects of these sections relevant to the instant complaint are as follows.

§ 841(a)(1) defines prohibited acts to include: "knowingly or intentionally ... distribute, or dispense, or possess with intent to ... distribute, or dispense a controlled substance."

§ 841(b)(1) provides for a minimum of 10 year's imprisonment for a violation of § 841(a) involving "(iii) 50 grams or more of

a mixture or substance ... which contains cocaine base."

§ 846 provides that the penalties for attempt and conspiracy "may not exceed the maximum prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

§ 812 defines the schedules for controlled substances.

and the reports that more than 50 grams of crack and other items related to the business of selling narcotics were seized from the Property pursuant to a valid criminal search warrant.

Once the Government has established probable cause for forfeiture, the claimant has the burden of "proving that the factual predicates for forfeiture have not been met." *Banco Cafetero Panama*, 797 F.2d at 1160. James Kimbrough's opposition to the Government's motion for summary judgment is based, in substantial part, on his apparent perception that the intended forfeiture is based solely upon Willie Kimbrough's criminal activity, which resulted in the seizure from the Property of over 50 grams of crack, while James Kimbrough was in police custody. As a result, James Kimbrough disclaims responsibility for the actions of his brother and asserts that questions of fact exist regarding his actual knowledge of Willie Kimbrough's criminal activities and his relationship to those activities on the Property. This opposition, however, does not raise any relevant material issues of fact regarding either the bases for the Government's proof of probable cause for forfeiture or the exception from forfeiture for an "innocent owner." *See United States v. One 1978 Chrysler LeBaron Station Wagon VIN # GH45D8G278912*, 648 F.Supp. 1048, 1050–51 (E.D.N.Y.1986) (discussing elements of "innocent owner" exemption from forfeiture).

Kimbrough relies in part on the Second Circuit's decision that summary judgment was not appropriate in *United States v. One Tintoretto Painting Entitled "The Holy Family with Saint Catherine and Honored Donor"*, 691 F.2d 603 (2d Cir. 1982). In that case, an art broker made false statements in the customs papers used to bring claimant's painting into the United States from Israel. The broker was convicted of the offense and civil forfeiture proceedings were filed against the painting. The Second Circuit reversed the district court's granting of summary judgment because affidavits from the broker, the owner, and others raised an "arguable claim that [the claimant] was not involved or aware of the smuggling of his painting into the United States." *Id.* at 607. The Court specifically pointed out, however, that the claimant's innocence, even if proved true, would not be enough to prevent forfeiture of the painting. Rather, the claimant's burden at trial included proof of both his innocence and "that he did all that 'reasonably could be expected' to prevent this illegal act involving property he claims as his own." *Id.* (quoting *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 689, 94 S.Ct. 2080, 2095, 40 L.Ed.2d 452 (1974)).

In the case at bar, however, matters necessarily determined by James Kimbrough's 1988 conviction cannot be raised by him as issues of fact here. *See Dorman v. Higgins*, 821 F.2d 133, 136 (2d Cir.1987) (citing *United States v. Podell*, 572 F.2d 31, 35 (2d Cir.1978)). James Kimbrough is therefore collaterally estopped from asserting either his innocence, his lack of knowledge, or his efforts to prevent narcotics sales on his property. Although the evidence seized pursuant to the warrants issued by Magistrate Buchwald is further proof that the Property has continued to be used for the business of selling narcotics, any questions of fact that this evidence raises regarding James Kimbrough's specific knowledge or approval of Willie Kimbrough's actions in carrying on the business at the time the warrants were executed cannot prevent forfeiture. Rather, James Kimbrough's own 1988 conviction for sale of narcotics while on the Property is alone sufficient to support forfeiture. As a result of that conviction, based on probable cause, James Kimbrough can prove no set of facts that will establish that the property should not be forfeit.

For the foregoing reasons, the Government's motion for summary judgment is granted.

SO ORDERED.