**UNITED STATES of America, Plaintiff,**

v.

**CERTAIN REAL PROPERTY LOCATED AT 116 AND 118 SANDY BEACH ROAD IN AUBURN, MAINE, Defendant.**

### Civ. No. 88–0175–P.

United States District Court,
D. Maine.

April 27, 1989.

F. Mark Terison, Asst. U.S. Atty., Portland, Me., for plaintiff.

Thomas J. Connolly, Portland, Me., for Paul M. Caron.

Andrew A. Cadot, Charles B. Gordy, Perkins, Thompson Hinckley & Keddy, Portland, Me., for Peoples Heritage Sav. Bank.

GENE CARTER, District Judge.

### MEMORANDUM OF DECISION AND ORDER

#### I.

This matter is now before the Court for decision on the merits on a stipulation of

the facts. The Report of Final Pre-trial Conference and Order, filed on April 6, 1989 (Docket No. 12) at 2–3. The action is a proceeding *in rem* seeking forfeiture of real estate described in the Complaint (Docket No. 1) pursuant to the provisions of 21 U.S.C. § 881. The United States, as plaintiff, seeks forfeiture of the defendant real estate on the grounds that in March and April 1988, such real property was used, and was intended to be used, to commit, or to facilitate the commission of, a violation of Title 21, United States Code; that is, as a place to store and sell cocaine in violation of 21 §§ 841(a)(1) and 846. Such use or intended use constitutes a violation of Title 21 punishable by more than one year's imprisonment. Paul M. Caron, the record owner of the real estate in question, has been convicted in this Court of drug trafficking offenses under the cited provisions of Title 21.

The real estate in question consists of two parcels, apparently separated by a roadway called Sandy Beach Road. Lot 22 lies on the shore of Taylor Pond and Lot 30 lies nearly directly across Sandy Beach Road from Lot 22. Two houses, numbered 116 and 118 Sandy Beach Road, are situated on Lot 30. There are no buildings on Lot 22. The parties have stipulated to the facts on the issue of whether or not the building and real estate at 118 Sandy Beach Road are subject to forfeiture. Counsel for Paul M. Caron concedes that the premises identified as 116 Sandy Beach Road are subject to forfeiture because drug transactions did occur thereon as alleged in the Complaint.[1] The only issue contested is whether the premises known as 118 Sandy Beach Road are likewise subject to forfeiture.

The parties have stipulated to the facts on which the issue of whether 118 Sandy Beach Road is subject to forfeiture is to be adjudicated. The facts are as follows:

In accordance with the Court's order of April 6, 1989, the Plaintiff United States of America and claimant Paul M. Caron hereby stipulate that this matter may be adjudicated by the Court on the merits and upon the following agreed facts:

Paul M. Caron and Andrea R. Wing purchased property on Sandy Beach Road in Auburn, Maine on December 14, 1983. The deed reflects ownership of three parcels of land, each of which is accurately described in the Complaint. There are two houses on the property; one at 116 Sandy Beach Road and the other at 118 Sandy Beach Road. The City of Auburn shows the houses located on a single lot (No. 30). *See* attached sketch of Auburn property tax map.[2] Paul Caron lived at #116 and his two older brothers live at #118. Caron receives a single tax bill for the property.

Caron and Wing married on July 21, 1984 and were divorced on May 24, 1985. Mrs. Caron gave up all rights and title to the property at the time of her divorce and makes no claim to the property now, although her name remains on the deed and on the current mortgage. Mrs. Caron has not lived at Sandy Beach Road since she moved out in April, 1985.

In March and April, 1988 Paul Caron sold cocaine from the house at 116 Sandy Beach Road. He stored the cocaine in the basement of that home. Caron sold a quarter ounce of cocaine on March 24, 1988 for $450, a half ounce on March 25 for $900, an ounce on April 1, 1988 for $1,800, and intended to sell four ounces on April 8, 1988 for $7,000, although that sale was interrupted by the authorities.

Although Caron stored and sold cocaine at his residence at 116 Sandy Beach Road, he did not make such sales or store cocaine at 118 Sandy Beach Road. During the process of the cocaine sales mentioned above, however, Caron did go next door to 118 Sandy Beach Road because he did not want the buyer to know that

---

**1.** The description of the defendant premises in the Complaint clearly encompasses the premises identified on the tax assessor's map as Lot 22. The premises lie across the road indicated on the map from Lot 30. Claimant Caron has not

contested, however, Plaintiff's claim for forfeiture of Lot 22.

**2.** A sketch of the tax map is annexed hereto as Exhibit A.

he had the cocaine in the cellar. He did not want anyone to know where he kept his cocaine. The purpose in going to the house next door during the transaction was to divert attention from the cocaine stored in the basement. Because Caron did not know the buyer well, he did not want the buyer to know where the cocaine was kept.

Paul Caron did not normally go to 118 Sandy Beach Road while selling cocaine but did so on the occasions mentioned above because he did not know the purchaser well and wanted to divert his attention from the basement of his home at 116 Sandy Beach Road.

Caron did not want to the [sic] let the informant purchaser know where his stash of cocaine was because he did not trust him and he was afraid he might come back and break in and steal the cocaine. Caron went next door to make believe he was getting the cocaine, and that way the purchaser would not know where the drug was already stored.

All of the land described in the deed recounted in the Complaint is contained in Lots 22 and 30 of the attached sketch of the Auburn tax map. Both houses (116 and 118 Sandy Beach Road) are located on Lot 30. Lot 22 is unimproved and is used as a place to park cars for the owner of 117 Sandy Beach Road and visitors.

The minimum lot size around Taylor Pond is 10,000 square feet under current Auburn zoning regulations. If Lot 30 were now parceled into two lots, the newly created lots would be non-conforming and any such division requires approval of the local planning board prior to sale.

Stipulation of Facts (Docket No. 13).

The pertinent provisions of the applicable statute read as follows:

The following shall be subject to forfeiture to the United States and no property rights shall exist in them:

....

(7) All real property, including any right, title and interest (including any leasehold interest) *in the whole of* any lot or tract of land and any appurtenanc-

es or improvement, *which is used, or intended to be used, in any manner or part,* to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of any owner, by reason of any act or omission established by the owner to have been committed or omitted without the knowledge or consent of the owner.

21 U.S.C. § 881(a)(7) (emphasis added). The only issue posed under the quoted language of the statute is whether the circumstances under which the drug transactions were carried out permit, pursuant to the statute, forfeiture of the portion of the premises identified as 118 Sandy Beach Road.

## II.

The Court's analysis begins with the proposition that any construction of the statute pursuant to which the action is bought, that is, section 881 "must begin with the language of the statute itself"[,] ... and "absent [a] clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Bread Political Action Committee v. FEC,* 455 U.S. 577, 580, 102 S.Ct. 1235, 1238, 71 L.Ed.2d 432 (1982) (quoting *Dawson Chemical Co. v. Rohm & Haas Co.,* 448 U.S. 176, 187, 100 S.Ct. 2601, 2608, 65 L.Ed.2d 696 (1980), and *Consumer Product Safety Commission v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)). The Court of Appeals for the First Circuit has expressed the applicable principle thusly: "[g]iven the absence of a clearly expressed legislative intention to the contrary, the plain language of the statute itself must be regarded as conclusive." *Lane v. United States,* 727 F.2d 18, 20 (1st Cir.), *cert. denied,* 469 U.S. 829, 105 S.Ct. 113, 83 L.Ed. 2d 57 (1984) (citing *American Tobacco Co. v. Patterson,* 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982)). "Words appearing in statutes are to be given their ordinary meaning." *United States v. Dawlett,* 787 F.2d 771, 774 (1st Cir.1986).

The statute here in question describes, for purposes of this case, the property subject to forfeiture as

> *all* real property including any right, title, and interest ... *in the whole of* any lot or track of land ... *which is used,* or *intended to be used, in any manner or part,* to commit, or to facilitate the commission of, a violation of this title....

21 U.S.C. § 881(a)(7) (emphasis supplied). As another court has observed, "[t]he statute is so clear that resort to extrinsic aids to seek its meaning ... [is] unnecessary." *United States v. Reynolds,* 856 F.2d 675, 676 (4th Cir.1988). It is crystal clear that by that language, "Congress expressly contemplated forfeiture of an entire tract based upon drug-related activities on a portion of the tract." *Id.* This Court finds no ambiguities in the language of the statute. Accordingly, use of any part of the premises constituting Lot 30, as displayed on the tax assessor's map, on which both the residences known as 116 and 118 Sandy Beach Road were located, to store contraband substances and to commit the drug offenses in question, as is stipulated to have occurred, establishes Plaintiff's right to forfeiture of that entire lot.

■ The language of the statute is sufficient, even if the foregoing conclusion is incorrect, to encompass forfeiture of the house at 118 Sandy Beach Road on an alternative theory. The stipulated conduct of Defendant in carrying out the offenses clearly involved the use of the premises at 118 Sandy Beach Road in a manner calculated to facilitate the commission of the violations which occurred at 116 Sandy Beach Road. By the stipulated conduct of going to the premises at 118 Sandy Beach Road for the avowed purpose of concealing the location of the storage of the drugs actually sold at 116 Sandy Beach Road, Mr. Caron clearly engaged in conduct thought by him, at least, to facilitate the consummation of the transactions actually carried out at the other location. Implicit in his stated purpose in going to 118 Sandy Beach Road is the distinct likelihood that he would not have carried out the transactions at 116 Sandy Beach Road unless he was satisfied that the purchaser in those transactions would be deceived by his conduct into believing that the drugs were not stored on the premises at 116 Sandy Beach Road. His use of the building at 118 Sandy Beach Road as a prop to mislead others as to the location of the drugs was a facilitation of the sales that occurred at 116 Sandy Beach Road.

### III.

Accordingly, judgment is entered for Plaintiff *in rem* against the defendant property as described in the Complaint herein. It is hereby *ORDERED* that Plaintiff shall recover interest and costs herein as provided for by law.[3] Plaintiff's counsel shall prepare, for the Court's consideration, a judgment of forfeiture.

---

3. The Court's action is subject to the provisions of the Court's action in its Order and Judgment on the Motion of Claimant Peoples Heritage Bank for Partial Summary Judgment as set forth in the Report of Final Pretrial Conference and Order, filed on April 6, 1989 (Docket No. 12), and any judgment of forfeiture entered herein shall expressly incorporate such action as therein expressed.

# EXHIBIT A

**NOTE:** SKETCH IS BASED ON CITY OF AUBURN TAX MAP 82. THE SUBJECT PROPERTY CONSISTS OF LOTS #22 AND #30. THE IMPROVEMENTS ARE LOCATED ON LOT #30.

1"=100'