UNITED STATES of America, Plaintiff,

v.

**ALL RIGHT, TITLE AND INTEREST IN REAL PROPERTY AND A BUILDING KNOWN AS 16 CLINTON STREET, NEW YORK, NEW YORK, and Leasehold Interests Therein Known as Brunilda Luna Fabric Store and TTT Grocery and Candy Store, Defendant-in-Rem.**

No. 89 Civ. 4932(MBM).

United States District Court,
S.D. New York.

Feb. 14, 1990.

---

Adria De Landri, Asst. U.S. Atty., New York City, for plaintiff.

Franklin H. Snitow, Jo Ellen Silberstein, Snitow & Pauley, New York City, for defendant-in-rem.

MUKASEY, District Judge.

16 Clinton Street is a five-story brick building with eight apartments and two stores located on the Lower East Side of Manhattan. In 1988 and 1989, the New York City Police Department conducted an undercover investigation of narcotics activity at the building's two stores, the Brunilda Luna Fabric Store and the TTT Grocery and Candy Store. During that investigation, undercover officers purchased heroin at the Brunilda Luna Fabric Store on five separate occasions. Buyers picked up drugs at the store after paying for them at a grocery store nearby. Undercover officers also purchased cocaine three times at the TTT Grocery and Candy Store. On February 14, 1989, officers searched the

Brunilda Luna Fabric Store and arrested six people. One month later, officers searched the TTT Grocery and Candy Store, and recovered more than a half ounce of cocaine, marijuana in bags and pre-marked "buy money" that had been used by undercover officers to buy the drugs.

On June 27, 1989, pursuant to a seizure warrant issued by United States Magistrate Michael H. Dolinger, who found probable cause for seizure of the property under 21 U.S.C. § 881(b), United States Marshals seized the building at 16 Clinton Street, including the leasehold interests on the first floor. On July 19, 1989, the Government filed a verified complaint against the defendant in rem, and on August 11, 1989 David and Nathan Shuchat, the owners of the property, filed a notice of claim for the return of the property.

The defendant in rem now moves to dismiss the Government's verified complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, or, in the alternative, for violation of the Excessive Fines Clause of the Eighth Amendment. For the reasons set forth below, defendant's motion is denied.

### I.

■ On a motion to dismiss, the court must decide whether the complaint on its face sets forth a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). In forfeiture cases under 21 U.S.C. § 881, the complaint must comply with the Supplemental Rules for Certain Admiralty and Maritime Claims. 21 U.S.C. § 881(b). Under Supplemental Rule E(2)(a), a "complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." A forfeiture complaint thus is subject to dismissal if it fails to assert specific facts supporting an inference that the property is subject to forfeiture under the statute. *United States v. $39,000 in Canadian Currency*, 801 F.2d 1210, 1219 (10th Cir.1986); *United States v. $38,000 in U.S. Currency*, 816 F.2d 1538, 1548 (11th Cir. 1987). Section 881(a)(7) provides that real property is subject to forfeiture if it was "used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment...." 21 U.S.C. § 881(a)(7).

In order to state a claim, the Government need demonstrate only probable cause for a forfeiture. Under § 881, which incorporates 19 U.S.C. § 1615, once the Government makes that showing, the burden shifts to the claimant to prove that the factual predicates for forfeiture have *not* been met: "the burden of proof shall lie upon such claimant.... Provided, That probable cause shall be first shown for the institution of such suit or action." 19 U.S.C. § 1615. At this stage, the claimant "must prove either that the property was not used unlawfully ... or that the illegal use was without the claimant's knowledge or consent." *United States v. The Premises and Real Property at 4492 South Livonia Road*, 889 F.2d 1258, 1267 (2d Cir.1989) (citations omitted). To meet the probable cause requirement, the Government's grounds for bringing the complaint "must rise above the level of mere suspicion but need not amount to what has been termed 'prima facie proof.'" *U.S. v. Banco Cafetero Panama*, 797 F.2d 1154, 1160 (2d Cir.1986). *See United States v. One 1978 Chevrolet Impala*, 614 F.2d 983, 984 (5th Cir.1980).

■ In order to survive a motion to dismiss, therefore, the Government must demonstrate probable cause in its complaint that the property itself—regardless of the activities of the property's owner—was connected with narcotics activity. *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1160 (2d Cir.1986); *United States v. Property Known as 303 W. 116th St. New York*, 710 F.Supp. 502, 505 (S.D.N.Y.1989). Here, the Government's complaint satisfies the probable cause requirement, because it alleges in detail numerous drug transactions connecting the property with illegal narcotics activities.

■ Claimants here allege that the complaint does not state a claim and does not meet the particularity requirement of Rule E(2) because although it recites facts connecting the two leased stores with drug transactions, it does not link the entire building or "fee interest" with such transactions. Claimants argue that the leased stores downstairs and the residential apartments upstairs are separate property interests; thus the Government cannot seize the entire building based on acts of the downstairs tenants. Claimants' assertion that their property rights should not be curtailed because of other people's illegal acts is a valid defense to the forfeiture claim against their building. Nevertheless, because the government need show only probable cause to state a claim, this "innocent owner" defense is not relevant to a motion to dismiss.

Under the statute, property may not be forfeited "to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner." 21 U.S.C. § 881(a)(7). If claimants had no knowledge of the drug activity in their building, they may assert such an "innocent owner" defense at trial. But "lack of knowledge or consent by the property owner is a defense in a forfeiture proceeding and thus is not an essential element of the government's case.... The plain meaning of this last clause of § 881(a)(7) clearly places the burden on the property owner to come forward at the forfeiture trial to prove his 'ignorance' defense.... As in any typical civil action, such a defense need not be anticipated in the complaint."[1] *United States v. A Parcel of Real Property Commonly Known as 3400–3410 W. 16th St., Chicago,* 636 F.Supp. 142, 146 (N.D.Ill.1986). *See*

*also United States v. A Single Family Residence,* 803 F.2d 625, 629 (11th Cir. 1986); *United States v. 124 East North Ave., Lake Forest, Ill.,* 651 F.Supp. 1350 (N.D.Ill.1987). That the Government properly states a forfeiture claim does not deprive claimants of a means to recover their property, as Congress has ensured the return of property to owners who ultimately can show lack of involvement in the illegal activities.

■ Claimants allege also that the government has not shown probable cause connecting the entire building with the sale of drugs, and that the Government has not stated with particularity the facts showing a connection between the entire building and the sale of drugs. The statute does not require the Government to show a connection between an entire property interest and the drug-related activities; rather, it provides for the forfeiture of property that has been used "in any manner or part" in criminal activities. Claimants' argument that a leasehold in a building is completely separate from the fee interest in the whole building, if accepted, would weaken the force of the forfeiture statute, which was designed to deter "drug transactions by attacking the profitability of crime." *United States v. Property Ident. as 3120 Banneker Dr. N.E.,* 691 F.Supp. 497, 501 (D.D.C.1988).

Two lines of authority undermine claimants' assertion that the fee interest in the building and the leasehold interests in the stores should be treated separately under the forfeiture statute. First, courts have allowed the forfeiture of property based on illegal transactions involving tenants—and not owners—of the property. *See United States v. Real Property Located at 2011 Calumet, Houston,* 699 F.Supp. 108 (S.D.

---

1. Although the government need not refute the innocent owner defense on the face of its complaint, its allegation—based on a confidential informant's tip—that the landlord at 16 Clinton Street knew of the narcotics activity at the building and was receiving kickback payments from drug dealers further weakens claimants' motion to dismiss. Information from informants is valid evidence upon which the government may base a probable cause determination,

as "probable cause ... traditionally may be established by hearsay." *Livonia Road,* 889 F.2d at 1267. *See also United States v. 1964 Beechcraft Baron Aircraft,* 691 F.2d 725, 728 (5th Cir.1982) *(per curiam), cert. denied,* 461 U.S. 914, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983).

This allegation supports the government's showing of probable cause and reveals an issue of fact as to the owners' involvement that must be resolved by the factfinder.

Tex.1988). Second, although the Second Circuit has declined to resolve this issue, courts in other circuits consistently have held that when one part of a piece of property is connected with drug transactions, the whole property interest is subject to forfeiture. *See United States v. A Parcel of Land With a Building Located Thereon at 40 Moon Hill Road,* 884 F.2d 41, 44–45 (1st Cir.1989); *United States v. Santoro,* 866 F.2d 1538, 1540 (4th Cir.1989); *United States v. Reynolds,* 856 F.2d 675, 677 (4th Cir.1988); *See also United States v. Certain Property in Auburn, Me.,* 711 F.Supp. 660 (D.Me.1989); *United States v. 26.075 Acres, Located in Swift Creek Tp.,* 687 F.Supp. 1005 (E.D.N.C.1988).

Concededly, our Court of Appeals, in *United States v. 4492 South Livonia Road,* recently questioned the constitutionality of extending too far the forfeiture of real property. The Court was "troubled by the failure of § 881(a)(7) to place an express territorial limit on the extent of the real property that is forfeitable," because if taken to an extreme, the statute could result in forfeitures hugely disproportionate to the geographical scope of the crimes. *Livonia Road,* 889 F.2d at 1270. "At some point, it seems that a forfeiture would cross the line of condemning an instrumentality of crime and move into the area of punishing a defendant by depriving him of his estate." *Livonia Road,* 889 F.2d at 1270.

The Court of Appeals, however, declined to specify or locate that point. Instead, the Court recognized that the language of the statute itself authorizes the forfeiture of a whole fee interest based on illegal activity on just one part of the property, noting that "courts have construed the phrase 'in any manner or part' to authorize the forfeiture of the whole of the property if any 'part' was used for drugs; however, since the quoted words modify the phrase 'is used, or intended to be used,' it is possible to instead construe the statute as authorizing forfeiture if the property is partially used for drug transactions, but mostly for legitimate purposes." *Livonia Road,* 889 F.2d at 1270. Thus, although the Court suggested that § 881(a)(7) might be uncon-

stitutional as applied under certain circumstances, it acknowledged that the statute itself provides for forfeiture of the entire property in cases such as the one at bar.

The Court did recognize a possible interpretation of the statute limiting forfeiture to "real estate of the size usually associated with a lot or a tract of fairly limited acreage, rather than whatever land area is encompassed within the deed by which the owner acquired title," but it added that in objecting to the territorial scope of a forfeiture, the owner "may also have the burden of showing some appropriate demarcation between what property is forfeitable and what is not." *Livonia Road,* 889 F.2d at 1270. However, simply because claimants here suggest a line between what should and should not be forfeited in this case does not alone mean that the government's complaint should be dismissed.

Claimants argue that the line should be drawn between fee interests as a whole and separately leased commercial property interests, when the illegal activity took place solely within these leaseholds. Claimants argue that none of the cases allowing forfeiture of an entire fee interest as a result of partial illegal use of property involve illegal activity in separate leasehold interests. As discussed below, however, whether the forfeiture of the whole property is so disproportionate to the illegal activities that it implicates the Eighth Amendment must be decided on the facts of the case and not at this initial pleading stage.

Absent constitutional impediments, application of § 881(a)(7) to this case mandates forfeiture of the entire property. The innocent owner exception in the statute proves that Congress contemplated such forfeitures when drafting the statute; if the property owner's interests could not be reached based on someone else's activities in the first place, there would be no need for such an exception.

Because the statute distinguishes neither between leaseholds within the fee interest and the entire interest, nor between part of the property and the whole, plaintiff's argument that the activity took place within

separate leaseholds is inconsistent with any reasonable interpretation of the statute. Here, the leased stores were involved in the drug transactions, the leased stores are in the building, and thus drug transactions took place in part of the building. The Government, in its complaint, has set forth sufficient probable cause to bring a forfeiture action against the building.

■ Finally, the complaint satisfies the particularity requirements of Supplemental Rule E(2)(a). In its verified complaint, the Government presents details about the narcotics transactions at the two stores within the building observed by undercover New York City police officers. The complaint describes how and when undercover officers bought drugs at the Brunilda Luna Fabric Store and the TTT Grocery and Candy Store. It recites the dates on which search warrants were executed and describes the recovery of drugs from the TTT Grocery and Candy Store.

As discussed above, in order for a claim to be sufficiently particular, it must state the circumstances in enough detail for the defendant to be able to "commence an investigation of the facts and to frame a responsive pleading." Supplemental Rule E(2)(a). Although claimants cite cases in which complaints were dismissed for failure to comply with Rule E(2)(a), see *$38,000 in United States Currency*, 816 F.2d 1538; *$39,000 in Canadian Currency*, 801 F.2d 1210, these cases not only involved much less detailed complaints, but also involved currency as opposed to real estate. "Vehicles and currency can be put to changing and frequent uses, and it is difficult to trace and distinguish the proceeds of an illegal source from other, legitimately obtained property.... In contrast, it is unlikely that the claimant to a home alleged to have been used to facilitate drug offenses is without a reasonable starting point from which to begin an investigation." *Livonia Road*, 889 F.2d at 1266.

The particularity of the verified complaint here gave claimants an ample starting point for their investigation and satisfies the requirements of Supplemental Rule E(2)(a).

## II.

■ Claimants also have called into question the constitutionality of § 881(a)(7) as applied to the case at bar. Specifically, they assert that the statute violates the Excessive Fines Clause of the Eighth Amendment. In addition, in view of the Court of Appeals' recent decision in *Livonia Road*, it is also necessary to examine whether the initial seizure of the property at 16 Clinton Street was consistent with due process standards.

### A. *Eighth Amendment*

Claimants assert that the forfeiture of the entire building for drug transactions committed on the first floor violated the Excessive Fines Clause of the Eighth Amendment. The Eighth Amendment "was designed to protect those convicted of crimes." *Ingraham v. Wright*, 430 U.S. 651, 664, 97 S.Ct. 1401, 1409, 51 L.Ed.2d 711 (1977). A forfeiture proceeding under § 881 is a civil in rem proceeding as opposed to a criminal proceeding; thus, for example, the Court of Appeals has declined to accord the "full panoply of rights" in the context of § 881(a)(7) forfeiture proceedings as it does in criminal proceedings. *Livonia Road*, 889 F.2d at 1267–68; *See United States v. 26.075 Acres*, 687 F.Supp. at 1013; *United States v. $2,500 in United States Currency*, 689 F.2d at 13.

The Supreme Court has explained that protections afforded criminal defendants will be applicable to claimants in forfeiture proceedings only if such proceedings essentially are criminal, which may be determined by examining whether Congress intended the statute to be punitive and, if not, whether the statutory scheme in fact is so punitive as to negate the intention to impose only a civil penalty. *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 362–63, 104 S.Ct. 1099, 1104–05, 79 L.Ed.2d 361 (1984); *See United States v. Ward*, 448 U.S. 242, 248, 100 S.Ct. 2636, 2641, 65 L.Ed.2d 742 (1980). A court may override Congress' intention to enact a civil penalty only when "the clearest proof" es-

tablishes the statute's unconstitutionality. *Ward*, 448 U.S. at 249, 100 S.Ct. at 2641.

This motion to dismiss, based solely on the adequacy of the pleadings, is not the proper stage of the proceedings at which to decide whether the "clearest proof" on the statute's constitutionality has been offered. Whether the seizure here was so disproportionate to the illegal activities as to constitute punishment must be decided, if at all, based on a full factual record. Therefore, claimants' motion to dismiss the complaint based on the unconstitutionality of this application of the forfeiture statute is denied.

### B. *Due Process*

■ In *Livonia Road*, the Court found that the seizure of a person's home under the processes outlined by § 881, which does not afford the homeowner pre-seizure notice and opportunity to be heard, unconstitutionally deprives the homeowner of his property without due process even when there has been a pre-seizure probable cause determination by a magistrate. The Court expressly limited its holding to the application of § 881(a)(7) to a claimant's home: "Because appellant also claims that § 881(a)(7) is unconstitutional as applied to the seizure of his home, an issue that we ultimately find dispositive, we need not pass on the constitutionality of § 881(a)(7) under other circumstances." *Livonia Road*, 889 F.2d at 1263.

The Court concluded that § 881(a)(7), when applied to the seizure of a person's home, implicates "two basic constitutional principles. First ... notice and an opportunity for hearing must generally precede the taking of an individual's property. Second, an individual's expectation of privacy and freedom from governmental intrusion in the home merits special constitutional protection." *Livonia Road*, 889 F.2d at 1264. The Court's determination that the pre-seizure procedures were inadequate was both limited to and based upon the fact that the property seized was the claimant's home. The Court based its conclusion on the tradi-

tionally stricter protections accorded to private residences and on its perception that claimant's property interest outweighed the Government's interest in avoiding burdensome additional procedures. *Livonia Road*, 889 F.2d at 1264–66.

Here, the seized property is a five-story building containing two stores and eight apartments, none of which constitutes either claimant's home.[2] Furthermore, under the test set forth by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976), the government's interest in pre-notice seizure in these particular circumstances outweighs the significance of the property interest at stake. The constitutional adequacy of the *ex parte* procedure used in this case turns on three considerations: "first, the significance of the property interest at stake; second, the risk of an erroneous deprivation through the procedures used and the probable value of additional procedural safeguards; and third, the government's interest in pre-notice seizure, including the avoidance of burdensome additional procedures." *Livonia Road*, 889 F.2d at 1264, *citing Mathews v. Eldridge*, 424 U.S. at 335, 96 S.Ct. at 903.

Claimants' property interest in 16 Clinton Street does not rise to the significance of interest in one's home. Further, the risk of erroneous deprivation is mitigated by the probable cause hearing before a magistrate, although, concededly, such risk would be reduced further by a pre-seizure adversarial hearing. Finally, the government's interest in seizing this particular piece of property is strong because of the Government's inability to curb drug dealing at the property through arrests of dealers on the site. "In assessing the strength of the government's interest, we must determine whether this case presented exigent circumstances warranting the postponement of notice and the opportunity for an adversarial hearing." *Livonia Road*, 889 F.2d at 1265.

---

**2.** The owners of record of 16 Clinton Street are David Shuchat, whose residence is listed in the complaint as 100 Attorney Street, New York, New York, and Nathan Shuchat, whose residence is listed as 283 East Houston Street, New York, New York.

Claimants argue that, as the Court explained in *Livonia Road*, a showing of exigent circumstances is more difficult when the property cannot easily be moved or dissipated. *See Livonia Road*, 889 F.2d at 1265. But here, the government had a reasonable fear that the building would be and actually was being used as an instrumentality of crime. The government plainly articulated in its complaint that narcotics trafficking continued at 16 Clinton Street up to the day the Magistrate signed the seizure warrant. (Compl. at ¶¶ 11, 12) The continuous use of 16 Clinton Street to facilitate narcotics trafficking, the location of the premises in a densely populated urban area near two schools and the danger to the community that the seizure itself posed are important circumstances that were not before the Second Circuit in *Livonia Road*, which involved seizure of an isolated farmhouse on 120 acres of property. Because of claimants' lesser interest in business property and the government's increased interest in the property, the *ex parte* procedure used in this case did not violate claimants' due process rights.

\* \* \*

For the above reasons, claimants' motion to dismiss the complaint is denied.

SO ORDERED.