**UNITED STATES of America, Plaintiff, Appellee,**

v.

**ONE PARCEL OF REAL PROPERTY WITH THE BUILDING, APPURTENANCES, AND IMPROVEMENTS KNOWN AS 384–390 WEST BROADWAY, SOUTH BOSTON, MASSACHUSETTS, Defendant.**

**Emanuel L. Rosengard, Claimant, Appellant.**

**No. 91–2141.**

United States Court of Appeals, First Circuit.

Heard April 7, 1992.

Decided May 28, 1992.

---

William F. Spallina, Newton, Mass., for appellant.

Frederick E. Dashiell, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before SELYA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and BOYLE,* District Judge.

SELYA, Circuit Judge.

This appeal asks us to determine whether a district court, almost two years after it issued a forfeiture order, acted properly in enlarging the order's reach beyond the property specifically identified in the government's complaint. We hold that, in the circumstances of this case, the district court did not possess such untrammeled authority.

I. BACKGROUND

On February 12, 1987, law enforcement officers found a cache of marijuana, cocaine, and diazepam at premises owned by claimant-appellant Emanuel Rosengard. Later that month, the federal government initiated a forfeiture action. The government's complaint described the defendant property as "384–390 West Broadway, South Boston, Massachusetts." An exhibit attached to the complaint delineated the property's boundaries, replicating the language of a deed by which the Broadway property had been conveyed to Rosengard

* Chief Judge, United States District Court for the District of Rhode Island, sitting by designation.

in 1971.[1] The complaint made no mention of an abutting parcel, known as 309 Athens St., which Rosengard bought from a different seller in 1973.

Following pretrial discovery, the district court granted summary judgment in favor of the government. The Court's order declared forfeit "the defendant real property with the building, appurtenances, and improvements, known as 384–390 West Broadway, South Boston, Massachusetts." Final judgment was entered on November 22, 1989. An appeal was taken but, later, withdrawn.

On August 23, 1991, the government attempted to breathe new life into the corpse. It filed a motion which it euphemistically styled as one for clarification of the forfeiture order. In that motion, the government asked the district court to rewrite the order and judgment to encompass both the Broadway and Athens St. properties. The government averred that, as far back as 1974, the two properties had been pledged as joint security for a construction mortgage obtained from South Boston Savings Bank (which mortgage financed Rosengard's erection of a commercial structure that occupied the Broadway site at the time of the drug raid); that the Athens St. property was used for parking in connection with the operation of the commercial building throughout the period of Rosengard's ownership; and that, in 1974, a "compiled plan" linking the two parcels was filed in the Recorder of Deeds' office.

On these bases, the government asserted that forfeiture of the Athens St. property was subsumed under the terms of the original order and judgment. It claimed that the two pieces of property were actually a single tract of land or, alternatively, that the Athens St. property was "appurtenant" to the Broadway property. Rosengard opposed the motion, claiming prejudice and offering a salmagundi of reasons why the government's afterthought maneuver should be thwarted. Moreover, Rosengard urged that, if the earlier judgment were to be reopened for any purpose, it should be vacated entirely and the case as a whole relitigated.

The district court took no evidence. Rather, it disposed of this burgeoning controversy in a single sentence, writing that: "Forfeiture of [the] entire tract of land is allowed." The parties agree that the effect of this ruling was to bring the Athens St. property within the encincture of the existing judgment. Rosengard appeals. We reverse.

## II. THE LEGAL LANDSCAPE

We turn first to some general principles pertaining to the forfeiture of real property under the statute invoked by the government.[2] We then discuss the procedures prescribed by law for the exercise of this forfeiture power.

### A. Forfeitable Property.

■ 21 U.S.C. § 881(a)(7) authorizes the federal government to bring forfeiture pro-

---

**1.** The description reads:

A certain parcel of land together with a building, appurtenances, and improvements, situated in that part of Boston called South Boston, in the County of Suffolk, Commonwealth of Massachusetts, bounded and described as follows:

SOUTHEASTERLY by Broadway (between E and F Streets) about sixty-five feet, six inches;

NORTHWESTERLY by land formerly of Wright and others, one hundred and forty-five feet, six inches; and

NORTHEASTERLY by a twenty foot street now called Athens Street, about sixty-five feet, six inches; and

SOUTHEASTERLY by land late of John Redman, one hundred forty-five feet, six inches, together with the rights, easements, privileges and appurtenances thereto belonging.

The parties agree that the government made a typographical error in the directional signal re-

lating to the fourth boundary description. That signal should have read "SOUTHWESTERLY" rather than "SOUTHEASTERLY." No one was misled by this bevue. At any rate, it has no bearing on the problem at hand.

**2.** The statute provides in pertinent part:

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

. . . . .

All real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or facilitate the commission of [certain drug-related felonies]. . . .

21 U.S.C. § 881(a)(7) (1982 & Supp.1988).

ceedings against certain real property. The government urges that the statutory phrase "the whole of any lot or tract of land" is capacious enough to justify the forfeiture of the two properties as a unit. Since the tract encompasses both properties, this thesis runs, Rosengard's illegal activities on the Broadway parcel authorized forfeiture of the entirety. *See United States v. 2 Burditt St.*, 924 F.2d 383, 385 (1st Cir.1991) ("in a forfeiture proceeding under section 881(a)(7), property in its entirety is forfeitable even if only a portion of it was used for illegal purposes"); *accord United States v. One Parcel, Etc. (Great Harbor Neck, New Shoreham, R.I.)*, 960 F.2d 200, 207 n. 7 (1st Cir.1992); *United States v. 6250 Ledge Rd.*, 943 F.2d 721, 726 (7th Cir.1991); *United States v. 3097 S.W. 111th Ave.*, 921 F.2d 1551, 1557 (11th Cir.1991); *United States v. 141st St. Corp.*, 911 F.2d 870, 880 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1017, 112 L.Ed.2d 1099 (1991); *United States v. One 107.9 Acre Parcel of Land*, 898 F.2d 396, 400 (3d Cir.1990); *United States v. 40 Moon Hill Rd.*, 884 F.2d 41, 45 (1st Cir. 1989); *United States v. 300 Cove Rd.*, 861 F.2d 232, 233–35 (9th Cir.1988), *cert. denied,* 493 U.S. 954, 110 S.Ct. 364, 107 L.Ed.2d 351 (1989); *United States v. Reynolds*, 856 F.2d 675, 676 (4th Cir.1988).[3]

In this case, however, there is a rub. While the law permits the government to seize an entire tract of land if a portion of it is used in contravention of section 881(a)(7), neither the statute nor the case law mandates that the government must pursue this course. This appeal, therefore, does not require that we address the government's power to forfeit both parcels

had it tried to do so when it undertook to sue. Rather, this appeal focuses on a much different question: Even assuming that the government might successfully have urged that Rosengard's two properties constituted a single tract for purposes of the forfeiture law, did the government take the procedural steps necessary to bring the full weight of its statutory authority to bear? If the government did not do what was necessary to forfeit the Athens St. property as a segment of the whole, it could not lay claim to that parcel, after the fact, as if it were part of the original suit.

It is against this backdrop that we turn to the applicable procedures.

### B. *Prescribed Procedures.*

Forfeiture complaints filed pursuant to 21 U.S.C. § 881 are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims.[4] *See* 21 U.S.C. § 881(b); *United States v. Pole No. 3172*, 852 F.2d 636, 638 (1st Cir.1988). Two rules address the level of particularity required in forfeiture complaints. Admiralty Rule C(2) states that the complaint "shall describe with reasonable particularity the property that is the subject of the action." Admiralty Rule E(2)(a) states that "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading."

The cases are consentient that the Admiralty Rules demand more particularity in the crafting of forfeiture complaints

---

**3.** Although the government may define a lot or tract of land by the description contained in a deed or other record of land evidence, *see Great Harbor Neck*, 960 F.2d at 205; *United States v. Santoro*, 866 F.2d 1538, 1543 (4th Cir.1989), it is not obligated to describe a lot or tract in that way. *See, e.g., United States v. 4492 S. Livonia Rd.*, 889 F.2d 1258, 1270 (2d Cir.1989) ("It is also possible to construe 'any lot or tract' to refer to real estate of the size usually associated with a lot or a tract of fairly limited acreage, rather than whatever land area is encompassed within the deed by which the owner acquire

title."); *see also Great Harbor Neck*, 960 F.2d at 205 (suggesting that the government may also delineate a tract, for purposes of section 881(a)(7), by acts of an individual which signify dominion and ownership).

**4.** Resort may also be had to the Federal Rules of Civil Procedure for interstitial matters or where the Admiralty Rules are silent; but, in the event of a conflict, the Admiralty Rules control. *See United States v. $38,000.00 in United States Currency*, 816 F.2d 1538, 1547 n. 20 (11th Cir.1987); *United States v. $39,000 in Canadian Currency*, 801 F.2d 1210, 1216 (10th Cir.1986).

than is generally required in authoring complaints under the Civil Rules. *See United States v. 2323 Charms Rd.*, 946 F.2d 437, 441 (6th Cir.1991); *United States v. 4492 S. Livonia Rd.*, 889 F.2d 1258, 1266 (2d Cir.1989); *Pole No. 3172*, 852 F.2d at 640–41; *United States v. $38,000.00 in United States Currency*, 816 F.2d 1538, 1547 n. 20 (11th Cir.1987); *United States v. $39,000 in Canadian Currency*, 801 F.2d 1210, 1216 (10th Cir.1986). While all the facts necessary to satisfy this mandate need not be recited in the complaint's text—the Admiralty Rules' requirements can be satisfied by information contained in affidavits or other documentation attached to the complaint, *see United States v. One Parcel of Real Property*, 921 F.2d 370, 376 n. 10 (1st Cir.1990); *United States v. Parcels of Land*, 903 F.2d 36, 48 (1st Cir. 1990)—the facts must nonetheless clearly appear so that all persons potentially interested in the property will be afforded fair notice of the sovereign's position and intention.

Moreover, despite the fact that the case law has not fully fleshed out the ossature of Admiralty Rule C(2), it is plain from the rule's text that a forfeiture complaint must achieve a meaningful level of detail in describing the property to be forfeited. This conclusion follows both from our belief that it is proper to interpret Admiralty Rules C(2) and E(2)(a) *in pari materia* and from the gloss that we have previously placed on Admiralty Rule E(2)(a). That rule is

> designed to assure that the forfeiture complaint apprises potential claimants of the circumstances which support the government's contention that there is probable cause to believe that the defendant property was connected with illegal drug activity, thus enabling claimants "to commence an investigation of the facts and to frame a responsive pleading."

*One Parcel*, 921 F.2d at 375 (emphasis deleted; citations omitted) (quoting Rule); *accord Parcels of Land*, 903 F.2d at 48; *Pole No. 3172*, 852 F.2d at 638. Other courts read Admiralty Rule E(2)(a) in much the same way. *See, e.g., 3097 S.W. 111th Ave.*, 921 F.2d at 1554–55; *$38,000.00*, 816 F.2d at 1548; *$39,000*, 801 F.2d at 1216, 1219.

The exacting particularity standard applicable to forfeiture actions "is not merely a procedural technicality," *Pole No. 3172*, 852 F.2d at 638, but is, instead, a significant legal rule designed to curb excesses of government power and afford property owners some protection from the harshness of a forfeiture's attendant sanctions. *See 2323 Charms Rd.*, 946 F.2d at 441; *4492 S. Livonia Rd.*, 889 F.2d at 1266; *Pole No. 3172*, 852 F.2d at 638. So viewed, the stringent pleading rules applicable in the forfeiture context mirror the drastic nature of the remedy. *See Pole No. 3172*, 852 F.2d at 638; *$39,000*, 801 F.2d at 1216, 1218; *see also* 12 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3242 (1973). Because Congress has supplied the government with one of the most potent weapons in the judicial armamentarium, the courts must make certain that the government is, at the very least, reasonably precise in its deployment.

In sum, since forfeitures are strong medicine, disfavored in our jurisprudence, it seems fitting to condition the medicine's availability on a proper regard for the requirements of the law. *Accord United States v. 4880 S.E. Dixie Highway*, 838 F.2d 1558, 1564 (11th Cir.1988); *$38,000.00*, 816 F.2d at 1547.

## III. ANALYSIS

■ Whether a forfeiture complaint is, or is not, sufficiently particularized to reach a given piece of property is an issue of law subject to plenary review. *See, e.g., 2323 Charms Rd.*, 946 F.2d at 442; *3097 S.W. 111th Ave.*, 921 F.2d at 1554. We now undertake that inquiry.

■ Fairly read, the government's complaint in this action sought to forfeit the Broadway property—nothing more. It did not, in the idiom of Admiralty Rule C(2), describe the Athens St. property with "reasonable particularity." Indeed, the complaint did not describe, or even refer to, that parcel *at all*. Perusing the complaint

and the paperwork associated with it, there was no basis for a reasonably prudent reader—or even an unusually cautious reader—to suspect that the Athens St. property was at risk. We believe that the government's decision to focus exclusively on the Broadway site was tantamount to a waiver of any claim against the adjacent property. After all, as the ancient maxim teaches, *inclusio unius est exclusio alterius.*

It follows inexorably that the so-called motion for clarification should have been denied. Most litigation involves cost/benefit assumptions. A party who reasonably believes that he stands to lose only Parcel "X" may choose not to mount an all-out defense against threatened forfeiture; yet the same party, on the same facts, when faced with the combined loss of Parcels "X" *and* "Y," may well commit more resources to the struggle. Thus, fundamental fairness requires that the government, when seeking to forfeit property, must describe it with specificity if not with mathematical precision.

Here, the government wholly failed to carry its burden. The complaint in this case apprised the claimant only of the government's intention to seek forfeiture of the Broadway property. The claimant was entitled to rely on what the complaint indicated. The government cannot be allowed to obtain a judgment against a carefully defined piece of property and, after the battle has been won, unfairly increase the stakes.[5]

## IV. CONCLUSION

To recapitulate, the government originally sought to take one bite of the apple.

After receiving the district court's blessing, it then sought to double the size of the bite. By that time, judgment had entered. Since the government made no showing legally sufficient to warrant relief from the original decree,[6] the district court was without lawful power to modify the judgment by increasing its scope.

We need go no further. We hold that, given the complete absence of any description of, or reference to, the Athens St. parcel in either the original complaint or the paperwork associated with it, the particularity requirements of Admiralty Rules C(2) and E(2)(a) were not satisfied as to that parcel. Hence, the judgment below must be reversed and the original judgment reinstated. At the same time, however, we deny the claimant's cursory request for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1988). *See Ryan v. Royal Ins. Co.,* 916 F.2d 731, 734 (1st Cir.1990) (an appellate court will ordinarily decline to consider "issues adverted to on appeal in a perfunctory manner, unaccompanied by some developed argumentation"); *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.) (same), *cert. denied,* 494 U.S. 1082, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990).

*Reversed and remanded.*

---

**5.** In reaching this result, we pronounce ourselves unwilling to indulge the government's claim that the Athens St. parcel is merely an "appurtenance" to the Broadway parcel. While such a claim, if made with adequate detail in the original complaint, might conceivably have had a modicum of merit—a question that we need not reach and, therefore, do not address—it is perfectly clear that the government cannot be allowed to bypass its obligation to give claimants fair notice by including a cryptic reference to "appurtenances" in a complaint and then reading section 881(a)(7)'s reference to that word so broadly as to cover an independently deeded piece of property not specifically identified in the forfeiture complaint. The stringent requirements of the Admiralty Rules cannot so blithely be skirted.

**6.** This would be a different case if, after entry of final judgment, the government were able to show, within the time parameters allowed by law, that the original judgment should be set aside for some reason cognizable under Fed. R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b). The government, however, has not advanced any such asseveration.