**UNITED STATES of America**

v.

**ONE PARCEL OF PROPERTY LOCAT-ED AT 133 WILLINGTON HILL ROAD WILLINGTON, CONNECTICUT.**

**No. 2:91CV01076 (PCD).**

United States District Court, D. Connecticut.

March 3, 1994.

Lauren A. McCurry, U.S. Attorney's Office, New Haven, CT, for U.S.

Richard W. Lynch, Lynch, Traub, Keefe & Errante, New Haven, CT, for Sharon L. Haas.

Vincent E. Roche, Heffernan & Heffernan, West Hartford, CT, for Reynald P. Menard.

Frank J. Scinto, Gager & Henry, Waterbury, CT, for Centerbank.

## RULING ON MOTION FOR SUMMARY JUDGMENT

DORSEY, District Judge.

This action *in rem* seeks forfeiture of the defendant real property, as authorized by 21 U.S.C. § 881(a)(7), on the basis that it was used or intended to be used to commit or facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq. Probable cause was found to justify an arrest warrant for the property. One claimant to the property is Reynald P. Menard. The government seeks summary judgment dismissing his claim.

FACTS:

Menard is the title owner of 12.5 acres at 133 Willington Hill Road, in Willington, Connecticut. A house thereon is used as his residence and base for his business. The Narcotics Task Force (TNTF) received confidential information from three reliable sources, starting in February, 1991, that Menard was selling marijuana from the property. A controlled drug purchase from Menard took place there in the week of March 3, 1991. A search on March 8, 1991 turned up one pound of marijuana in a barn, three pounds 150 feet from the house (with his directions), and other drug material in the house. He has invoked his Fifth Amendment rights as to those findings. He pleaded nolo contendere to selling controlled substances based on these events.

■ Menard does not deny the forgoing. He has not admitted same but notes that the only evidence of drug activity relates to the house and its immediate environs which constitute lot 2 of the three lots into which the property has been subdivided for development or sale. A refusal to concede claims of fact does not create an issue of fact. *Anderson v. Liberty Lobby,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The motion is granted with respect to lot 2. There is no genuine issue of material fact as to the use of lot 2 of defendant property. Menard states no valid claim thereto which precludes its forfeiture as

claimed herein. *Celotex Corporation v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). *See* 19 U.S.C. § 1615; *United States v. Banco Cafetero Panama,* 797 F.2d 1154, 1160 (2d Cir.1986); *United States v. 4492 S. Livonia Rd.,* 889 F.2d 1258, 1267 (2d Cir.1989), *reh'g denied,* 897 F.2d 659 (1990); *United States v. All Right, Title & Interest,* 901 F.2d 288, 291 (2d Cir.1990).

Menard argues that lots 1 and 3 are separate properties and there is no evidence of their use in drug trafficking. The record describes trafficking activity and finding drug material in the house, in and near a garage and 150 feet to the rear of the house. Menard claims subdivision into three lots by approval of a subdivision plan by the Town in July, 1989, through its Planning and Zoning Commission and Inland Wetlands Commission. IWC certification is documented as is P & Z affirmative action on Menard's application with conditions before the chairman may sign the map. The certified map filed is signed by the Chairman of the IWC, the P & Z Chairman and the First Selectman. The latter is not dated. The lot boundaries are clearly delineated by marker points, measurements and courses. The house is located on lot 2 such that 150 feet to its rear appears to be within lot 2. The entire property was acquired in March, 1988 in one deed. Mortgages totaling the purchase price, one to Central Bank and a second to Menard's seller, are recorded against the entire property without reference to separate lots. Menard's affidavit asserts that he engaged in no drug activity on either lot 1 or 3. The government offers no contradiction of the subdivision or evidence of drug activity on either lot 1 or 3. The subdivision appears to be valid.

DISCUSSION:

■ The authority to condemn, in 21 U.S.C. § 881(a)(7), reaches:

> [a]ll right title and interest in the whole of any lot or tract of land ... which is used, or intended to be used, in any manner or part to commit or facilitate the commission of a violation....

Menard claims that having validly subdivided the property in accordance with Connecticut

law before any of the alleged unlawful activity and having shown that no such activity occurred on lots 1 and 3, then the reach of § 881(a)(7) should be limited to lot 2. He would construe the phrase "lot or tract of land ... which is used" to reach only lot 2 as separate and identifiable apart from lots 1 and 3. From this he further argues that forfeiture of lots 1 and 3 would make the total forfeiture so disproportionate to the value of the marijuana found as to constitute a punitive action. The value of the marijuana, at resale, has been shown to be $8,000. The purchase price for the entire parcel in 1988 was $80,000. The total of the two mortgages was in the amount of the purchase price so no equity was created. The suggestion of an appraised value of $250,000 (Menard claims $150,000 to $250,000) six years later is extremely dubious having in particular mind the interim plunge in real property values.

The parcel Menard purchased has been subdivided into three lots. Thus he obtained the right to treat each lot as a distinct parcel which can be used, developed or conveyed without regard to the others. The subdivision vested Menard with separate ownership of each of the three lots. His rights in the three lots exceed his rights in the entire, original tract. According to the government his plan was to develop lots 1 and 3, but he had not done so in 1991. There was no evidence of activity that embraced the lots as would suggest Menard's continued use of the land in its entirety. That lots 1 or 3 are undisposed of is irrelevant.

Concern for the reach of § 881(a)(7) was expressed in *United States v. 4492 S. Livonia Rd.*, 889 F.2d at 1270. Seizures in illegal distillery cases were limited to land substantially connected to the illegal activity, *United States v. About 151.682 Acres of Land*, 99 F.2d 716 (7th Cir.1938), but the statutory language in those cases differed. *Id.* at 719–20. It was troubling that § 881(a)(7) failed "to place an express territorial limit on the extent of the real property that is forfeitable." *Livonia*, 889 F.2d at 1270. However, it was further noted "that § 881(a)(7) by its explicit and broad terms allows for the forfeiture of entire tracts." *Id.; United States v. 141st Street Corp.*, 911 F.2d 870, 880 (2d

Cir.1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1017, 112 L.Ed.2d 1099 (1991). A physical division of a tract was not sufficient to insulate that portion uninvolved with the drug transactions, for the " 'whole of any lot or tract of land' must be determined from the duly recorded instruments and documents filed in the county offices where the defendant property is located." *United States v. Santoro*, 866 F.2d 1538, 1543 (4th Cir.1989). *See United States v. Reynolds*, 856 F.2d 675 (4th Cir.1988) (tract defined by instrument creating the interest in the property). A proposed subdivision does not prevent forfeiture of an entire undivided tract. *United States v. Ground Known as 2511 East Fairmount Ave.*, 737 F.Supp. 878, 884 (D.Md. 1990). A different tack was opened to the possibility of construing § 881(a)(7) to mean "real estate of the size usually associated with a lot or a tract of fairly limited acreage," not being bound by the land as described in the acquiring deed. *Livonia*, 889 F.2d at 1270. This is in keeping with the concept that to be subject to forfeiture a connection must be shown between the land and the conduct that offends. *United States v. About 151.682 Acres*, 99 F.2d at 720. It was long ago held that the phrase "lot or tract" could indicate "a village or town lot which, being of definite boundaries and usually of limited size, might not unreasonably be deemed to be used and occupied for the purposes of the illicit business. An adjoining lot, though owned by the offender, would not under this provision be forfeited." *United States v. Certain Piece of Land*, 25 Fed.Cas. p. 366, No. 14,767, 367. An analogous case on the facts was presented in *United States v. One Parcel of Real Property*, 964 F.2d 1244 (1st Cir.1992). In deciding the case on a notice basis, forfeiture of a described lot was held, after judgment, not to be extended to a contiguous lot obtained by the claimant in a deed independent from that by which the forfeited lot was obtained, either as the whole lot or tract, in the language of the statute, or as an appurtenance to the forfeited lot.

The land deeded to Menard in 1988 included the entire 12.5 acres. By the subdivision in 1989, three lots were created. Each

thereby could be treated as separate lots. Of course they could be merged again. They remained linked, as part of the entirety, subject to the two mortgages. Menard's legal rights entitled him to treat them as separate pieces of property, no different than if he purchased them separately as adjoining lots.

In the absence of a showing that the unlawful activities on which the forfeiture was based took place on either lot 1 or lot 3, it cannot be said that they have been proven to have been used or were intended to be used in the violations for which probable cause has been established. Accordingly, treating lots 1 and 3 as properties separate unto themselves and from lot 2, and for the reasons discussed above, the motion for summary judgment directed to the claim of Mr. Menard is denied as to lots 1 and 3.

Menard also claims that forfeiture of lots 1 and 3 would be so disproportionate to the offense as to constitute a punitive action in violation of the Constitution. Sanctions such as forfeiture, though civil in nature, can be so extreme as to be deemed to be punitive. *United States v. Halper,* 490 U.S. 435, 442, 109 S.Ct. 1892, 1898–99, 104 L.Ed.2d 487 (1989). Even if the appraisal is credited, the value of the drugs in relation to Menard's equity in the property, under the criteria employed, the forfeiture here would not be subject to Menard's claim as the property was an instrumentality in the commission of the offense. *United States v. Certain Real Property and Premises Known as 38 Whalers Cove Drive,* 954 F.2d 29 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 55, 121 L.Ed.2d 24 (1992); *United States v. 4492 Livonia Rd.,* 889 F.2d at 1269. This is particularly true if a proportion of the value of the entire property is allocated to the undeveloped lots, 1 and 3 with a proportion of the mortgages.

CONCLUSION:

The motion (doc. # 25) is granted as to lot 2, denied as to lots 1 and 3.

SO ORDERED.