**William J. ROSS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 5:93 CV 1918.**

United States District Court,
N.D. Ohio,
Eastern Division.

Nov. 19, 1996.

William J. Ross, Canton, OH, for plaintiff.

Leslie M. Singer, Department of Justice, Washington, DC, and Annette G. Butler, Office of U.S. Attorney, Cleveland, OH, for the U.S.

## MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

Plaintiff, William J. Ross, acting *pro se,* brings this Complaint seeking a refund of an assessment made against him by the Defendant, United States of America. The Defendant, United States of America filed a Counterclaim against Mr. Ross for the amount owed on the assessment plus statutory interest. On July 8, 1994, the United States of America filed its Motion for Summary Judgment (Doc. # 14). In its Motion, the United States of America moved for Summary Judgment on Plaintiff's Complaint and a favorable judgment on its Counterclaim in the amount of $24,064.42 plus statutory interest from July 13, 1992. For the forgoing reasons Defendant's Motion for Summary Judgment is **GRANTED** in favor of Defendant on Plaintiff's Complaint and in favor of Defendant on its Counterclaim.

### *STATEMENT OF THE CASE*

On July 13, 1992, the United States, through the Secretary of the Treasury, assessed against Mr. Ross a 100% penalty under § 6672 of the Internal Revenue Code of 1954, which provides:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672. The government charged that Plaintiff was a responsible person of the Astatic Corporation for the taxable quarter ending June 30, 1987, who willfully failed to truthfully account for and pay over withholding taxes or who willfully attempted in some manner to evade or defeat those taxes or payment thereof in the amount of $24,064.42. On September 9, 1993, after paying $400.00 on the 100% penalty assessment against him, Mr. Ross commenced this case by filing a Complaint against the United States for a refund. On December 22, 1983, the government asserted a Counterclaim against Mr. Ross for the unpaid balance, plus interest on the 100% penalty.

On July 5, 1994, the Defendant moved for an order granting Summary Judgment on its Counterclaim for the remaining outstanding assessment, as well as an order granting Summary Judgment on the Plaintiff's action. Defendant also filed a Statement of Facts in Support of the United States' Motion for Summary Judgment. On February 13, 1995, Plaintiff filed its Memorandum in Opposition to Defendant's Motion for Summary Judgment. Two days later, Defendant filed a Reply Memorandum in support of its Motion for Summary Judgment.

### *STATEMENT OF FACTS*

On March 11, 1994, the Plaintiff was served with the Defendant's Requests for Admissions. As of June 30, 1994, the Plaintiff had not responded to the Requests for Admission within 30 days after service of the request on the Plaintiff. Pursuant to FED. R.CIV.P. 36(a), the Requests for Admissions are deemed admitted based on the Defendant's failure to answer or object to the Requests. Therefore, the following Admissions are deemed admitted:

★ On June 23, 1987, the Plaintiff became the president of Astatic Corporation.

★ On June 23, 1987, the Plaintiff owned 100% of the shares of Conneaut Technologies, Inc.

★ On June 23, 1987, Conneaut Technologies, Inc. purchased substantially all of the assets of Astatic Corporation.

★ On June 23, 1987, the Plaintiff owned 100% of the shares of Rubicon Holdings, Inc.

★ On June 23, 1987, Rubicon Holdings, Inc. purchased at least 51% of the stock of Astatic Corporation.

★ After June 23, 1987, the Plaintiff made all or substantially all of the fiscal decisions of Astatic Corporation.

★ After June 23, 1987, Astatic Corporation paid wages to most of its employees at least once, and paid accrued vacation benefits to most of its employees.

★ At the time the employees of Astatic Corporation were paid their final wages, William J. Ross had check signing authority of at least one checking account of Astatic Corporation.

★ The Plaintiff continued to have check signing authority of at least one checking account of Astatic Corporation until at least July 23, 1987.

★ At least some of the funds used to pay the final payroll and vacation benefits of Astatic Corporation were supplied by Conneaut Technologies, Inc.

★ No federal tax deposits were made by Astatic Corporation with respect to the last payroll of Astatic Corporation's employees.

★ After June 23, 1987, the Plaintiff did not instruct anyone to pay employment taxes of Astatic Corporation arising from the payment of the final payroll or vacation benefits made to Astatic Corporation's employees.

★ After June 23, 1987, the Plaintiff instructed Adolph Santorine, Jr. to pay some of the creditors of Astatic Corporation.

★ Some of the funds used to pay creditors of Astatic Corporation after June 23, 1987 were supplied by both Conneaut Technologies, Inc. and Rubicon Holdings, Inc.

★ The Plaintiff received advice from Dan Ross, the Plaintiff's brother as well as a Certified Public Accountant, with respect to the financial affairs of Astatic Corporation.

★ The Plaintiff was aware, as of July 31, 1987, that Astatic Corporation had not deposited the taxes withheld from the final wages and vacation benefits paid to its employees.

★ The Plaintiff was aware that Astatic Corporation's 941 tax return for the tax quarter ending June 30, 1987 stated that Astatic Corporation had deposited its full 941 tax liability for that tax quarter.

Defendant filed a Motion for Summary Judgment claiming that there is no genuine issue as to any material fact that Mr. Ross is a responsible person of Astatic and that he willfully failed to pay to the United States trust fund taxes withheld from the employees of Astatic for the taxable quarter ending June 30, 1987. Further, Defendant claims that its entitled to Summary Judgment on its Counterclaim in the amount of $24,064.42 plus statutory interest from July 13, 1992.

### SUMMARY JUDGMENT

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (citing FED.R.CIV.P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), see also *U.S. v. Hodges X–Ray, Inc.,* 759 F.2d 557, 562 (6th Cir.1985).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne,*

*Inc.,* 48 F.3d 937, 941 (6th Cir.1995) (citing *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995) (quoting *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512 (1986)). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511 (citation omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252, 106 S.Ct. at 2512. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury," *Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 149 (6th Cir.1995). The text of Fed.R.Civ.P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

*Id.* The Federal Rules identify the penalty for the lack of such a response by the non-moving party as an automatic grant of summary judgment, where otherwise appropriate.

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has con-

curred that, "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States,* 20 F.3d 222 (6th Cir.1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir.1988)). Rule 56(e) also has certain, more specific requirements:

> [it] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley,* at 225–26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect. The burden is on the opposing party to object to the improper evidence; failure to object constitutes a waiver.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249, 106 S.Ct. at 2510–11. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails:

> the threshold inquiry of determining whether there is the need for a trial— whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

### DISCUSSION

Defendant contends that Mr. Ross was a responsible person of Astatic and that he willfully failed to withhold the income taxes from the wages of his employees.

■ Section 3102 of the Internal Revenue Code requires an employer to withhold social security taxes imposed on its employees. 26 U.S.C. § 3402(a) of the Code requires the withholding of income taxes from wages of the employees. These taxes are to be held in trust for the government. *Gephart v. United States,* 818 F.2d 469, 472 (6th Cir.1987) (per curiam). The money in the trust may not be used for any purpose other than to pay the employees' social security and federal income taxes. *Id.*

■ Section 6672 of the Internal Revenue Code, provides that "any person" who willfully fails · to account for and pay over withholding taxes shall be liable for the full amount not paid over to the government. Liability attaches if an individual meets two requirements. The taxpayer must (1) be a "responsible person" under the statute, and (2) have "willfully" failed to pay over to the government the taxes due. *Gephart,* 818 F.2d at 472; *Kinnie v. United States,* 994 F.2d 279, 283 (6th Cir.1993). Congress enacted section 6672 to protect the government against losses by providing it with another source from which to collect the withheld taxes. "Despite its denomination as a 'penalty' assessment, the statutory liability imposed by section 6672 is essentially civil in nature." *Monday v. United States,* 421 F.2d 1210, 1216 (7th Cir.1970).

The rationale for this system was explained by the court in *Bolding v. United States,* 565 F.2d 663, 215 Ct.Cl. 148 (1977):

> Under the system of withholding taxes provided by the Internal Revenue Code, employees are entitled to credit for the amounts of FICA and income taxes withheld from their wages regardless of whether or not the employer turns the funds over to the Government. I.R.C. §§ 1462, 3102(a).... Since, therefore, the Government may actually be out-of-pocket by way of credit or refund for taxes it has never received, Congress has allowed the I.R.S. more stringent protective devices to insure collection of payroll taxes than in the case of many other taxes.

*Id.* 565 F.2d at 669.

The Sixth Circuit has held that the purpose of 26 U.S.C. § 6672 is "to protect the government against losses by providing it with another source from which to collect the withheld taxes." *Gephart,* 818 F.2d at 473. In *Collins v. United States,* 848 F.2d 740, 741–742 (6th Cir.1988) (per curiam), the Court stated:

> It is no excuse that, as a matter of business judgment, the money was paid to suppliers and for wages in order to keep the corporation operating as a going concern—the government cannot be made an unwilling partner in a floundering business.

The government charged that Plaintiff was a responsible person of Astatic Corporation for the taxable quarter ending June 30, 1987, who willfully failed to truthfully account for and pay over withholding taxes or who willfully attempted in some manner to evade or defeat those taxes or payments thereof in the amount of 24,064.42. Defendant argues that he was president of Astatic to facilitate the purchase of the corporation's assets by another of his wholly-owned corporations and that another individual became president of Astatic at some time after the asset sale.

### A. Responsible Person Defined

■ 26 U.S.C. § 6671(b) of the Internal Revenue Code defines the word "person" to include "an officer or employee of a corporation ... who as such officer or employee ... is under a duty to perform the act in respect of which the violation occurs." The test for determining whether the person is a "respon-

sible person" for § 6672 purposes is a functional one focusing mainly on:

> the degree of influence and control which the person exercised over the financial affairs of the corporation and, specifically, disbursement of funds and the priority of payments to creditors.

*McDermitt v. United States*, 954 F.2d 1245 (6th Cir.1992). The following are specific facts which other courts have relied on for determining whether a person is responsible for paying taxes withheld from the wages of employees:

> (1) the duties of the officer as outlined in the corporate by-laws;
>
> (2) the ability of the individual to sign checks of the corporation;
>
> (3) the identity of the officers, directors, and shareholders of the corporation;
>
> (4) the identity of the individuals who hired and fired employees;
>
> (5) the identity of the individuals who were in control of the financial affairs of the corporation.

*Gephart*, 818 F.2d at 473. Further, "[m]ore than one person can be a responsible officer of the corporation." *Id.* "Essentially, liability is predicated upon the existence of significant, as opposed to absolute, control of the corporation's finances."

In *Gephart*, the Court found the plaintiff to be a "responsible person" because he was actively involved in the financial affairs of the corporation. While he was not an officer or director, the plaintiff was responsible for the ordinary functions of the business including the responsibility of signing and distributing payroll checks.

The plaintiff in *McDermitt* was also found to be a "responsible person" even though he was not an officer of the corporation. The plaintiff exercised considerable financial control and authority over the corporation. He provided the start-up capital for the corporation and made all of the major decisions for the corporation.

In the present case, the Defendant has presented a substantial amount of evidence that the Plaintiff, like those in *Gephart* and *McDermitt*, exercised significant control of the corporation's finances. The roles of Gep-hart, McDermitt and the Plaintiff are similar in that all three occupied the dominant role in conducting the financial affairs of their respective corporations. During the period at issue, June 23, 1987 through July 31, 1987, the Plaintiff was a corporate officer at Astatic. He served as the president of Astatic. As the president, the Plaintiff had check writing authority over at least one of Astatic's checking accounts. Further, Plaintiff owned two corporations, Conneaut and Rubicon, that owned substantially all the assets and stock of Astatic. Plaintiff as president of Astatic and owner of Conneaut and Rubicon, made all or substantially all of the fiscal decisions at Astatic. Therefore, this Court finds that Plaintiff is a "responsible person" for § 6672 purposes.

Further, the United States argues that the Plaintiff was willful by failing to pay the entire tax liability with funds that were available to him in the corporate checking account after he had knowledge of the tax liabilities. The Plaintiff responded claiming that he did not have knowledge of the tax delinquency until July 31, 1987, and that it is unclear as to whether there were unencumbered funds existing to pay the taxes on or after July 31, 1987.

**B. Willfulness Defined**

"Willfully" as used in § 6672 does not mean that the responsible person acted by virtue of a bad motive or the specific intent to defraud the government or to deprive it of revenue. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.1986). Rather, "willfulness" is present if "the responsible person had knowledge of the tax delinquency and knowingly failed to rectify it when there were available funds to pay the government." *Gephart*, 818 F.2d at 475. "[E]vidence that the responsible person had knowledge of payments to other creditors after he was aware of the failure to pay withholding tax is sufficient for summary judgment." *Howard v. United States*, 711 F.2d 729, 735 (5th Cir.1983).

The "willfulness" test has two elements: (1) the taxpayer must have knowledge of the nonpayment; and, (2) the taxpayer must fail to rectify the nonpayment when there were

funds to pay the government. *Gephart,* 818 F.2d at 475 (citation omitted). In this case, the evidence demonstrates that Plaintiff knowingly told Astatic's controller to withhold payment of the trust fund taxes after June 23, 1987. The record reflects that Astatic had regularly paid its taxes up until this point and Plaintiff specifically told the controller not to pay the taxes. Therefore, there is no genuine issue as to any material fact that Plaintiff had knowledge of the tax delinquency.

As to the second element of the "willfulness" test, no genuine issue as to any material fact exists. Plaintiff instructed an Astatic employee to pay another creditor after June 23, 1987, despite not paying the United States the taxes it was owed. Furthermore, Astatic corporation's bank statements indicate that funds were available to pay the tax liabilities. Moreover, these funds were in an account in which the Plaintiff was an authorized signatory.

Plaintiff argues that a genuine issue of a material fact exists to whether his conduct was "willful" as defined by § 6672. Plaintiff argues that he did not have knowledge of the tax delinquency until July 31, 1987, and that it is unclear as to whether creditors were paid before or after July 31, 1987. This differentiation is without merit. It is undisputed that the Plaintiff instructed Astatic's controller not to pay the trust fund taxes after June 23, 1987. As a matter of law, it was at this point Plaintiff knew he had not paid the taxes. Until such taxes are paid, any knowledgeable payment to other creditors from that point forward will result in the inescapable conclusion that the responsible person, Plaintiff, had knowledge of the tax delinquency. Having such knowledge, Plaintiff knowingly failed to rectify its tax liability when there were available funds to pay the government. As such, this Court finds that Plaintiff's conduct was willful.

Plaintiff further argues that summary judgment should not be granted because the Defendant has failed to show "recklessness." Courts have determined that one who acts with "a reckless disregard for obvious or known risks will be considered to have acted "willfully" for purposes of § 6672." *Cooper v. United States,* 827 F.Supp. 1309 (E.D.Mich.1993). The Defendant is under no obligation to prove such an element, evidence of recklessness is only one means of proving willfulness; it is not a requirement under § 6672.

Plaintiff also argues that summary judgment should not be granted because a genuine issue of a material fact exists as to whether Astatic had unencumbered funds to pay the tax liability. It is evident from the *Gephart* definition of willfulness that a taxpayer can only be held liable to the extent that there were unencumbered funds existing when the taxpayer learned of the delinquency (i.e. Plaintiff had funds available to pay the government). Plaintiff has failed to show that Astatic did not have unencumbered funds. To the contrary, the evidence indicates that Plaintiff paid other creditors, and banking statements indicate that funds were available in Astatic's checking account. Therefore, Plaintiff has failed to raise a genuine issue as to any material fact that Astatic had no unencumbered funds at the time at which the taxes were due.

In regards to the Defendant's Counterclaim against the Plaintiff, based on the analysis described above, there is no question that Plaintiff's failure to pay to the United States trust fund taxes withheld from the employees of Astatic for the taxable quarter ending June 30, 1987 constitutes willful conduct for purposes of section 6672. Therefore, the government is entitled to Summary Judgment on its Counterclaim with respect to the remaining outstanding balance of $24,064.42, plus statutory interest from July 13, 1992, less payments made on said liability.

### CONCLUSION

Accordingly, the United States' Motion for Summary Judgment (Doc. #14) is **GRANTED** in favor of Defendant on Plaintiff's Complaint and in favor of Defendant on its Counterclaim.

Plaintiff is ordered to pay the assessment of $24,064.42, plus statutory additions from July 13, 1992 and less payments made on said liability for failure to pay to the United States trust fund taxes withheld from the

employees of Astatic Corporation for the taxable quarter ending June 30, 1987.

**IT IS SO ORDERED.**