UNITED STATES of America,
Plaintiff,

v.

Samuel S. VURA, Joyce L. Vura, and Citifinancial, Defendants.

No. 5:02–CV–2536.

United States District Court,
N.D. Ohio,
Eastern Division.

June 16, 2003.

Stacy S. Hallett, Jennifer G. Cohen, United States Department of Justice, Tax Division, Washington, DC, for Plaintiff.

Samuel S. Vura, Wooster, OH, Defendant Pro Se.

Joyce L. Vura, Wooster, OH, Defendant Pro Se.

David C. Jack, Wadsworth, OH, for Defendant Citifinancial.

ORDER, [Resolving Doc. No. 20]

GWIN, District Judge.

On December 27, 2002, the United States of America ("United States") sued

Samuel S. Vura and Joyce L. Vura ("the Defendants"). The United States seeks to reduce federal tax liabilities assessed against the Defendants to judgment, and to foreclose its federal tax liens upon the Defendants' interest in certain real property. CitiFinancial was joined as a defendant because it may also have an interest in the property. On May 21, 2003, the United States moved for summary judgment. The Defendants did not file a formal reply, but they did submit a letter to the Court, dated June 4, 2003. The Court forwarded a copy of this letter to the Plaintiff on June 10, 2003. In their letter, the Defendants do not contest the facts below, but instead propose settling the matter for an amount less than their current tax liability. While ruling on the Plaintiff's motion for summary judgment, the Court does not consider previous or current settlement offers. For the following reasons, the Court grants summary judgment to the United States.

## I.  Facts

From 1979 until March, 1991, the Defendants conducted a home improvement business under the names of Windor Variations, Inc. ("Windor") and The Window Man. Samuel Vura held the office of President of Windor, and Joyce Vura held the office of Secretary/Treasurer. For the fourth quarter of 1986; the first, second and third quarters of 1987, Windor failed to pay employment taxes, including income taxes and Federal Insurance Contribution Act ("FICA") taxes withheld from the wages of its employees, amounting to $33,162.67. For the third and fourth quarters of 1990, and the first quarter of 1991, Windor again failed to pay employment taxes, including income taxes and Federal Insurance Contribution Act ("FICA") taxes withheld from the wages of its employees, amounting to $3,413.50.

In 1989, the Defendants each completed and signed a Form 4180—Report of Interview Held with Persons Relative to Recommendation of 100–Percent Penalty Assessments. On the forms, the Defendants each admitted to being a responsible person who willfully failed to pay the unpaid employment taxes of Windor to the United States. To date, the Defendants do not contest the information contained in the Forms 4180.

On or about May 1, 1984, Samuel S. and Joyce L. Vura acquired an interest in real estate located at 1893 Meadow Drive, Wooster, Ohio. On July 19, 1990, the IRS filed a Notice of Federal Tax Lien against Samuel Vura at the office of the Recorder of Wayne County, Wooster, Ohio. A corrected Notice of Federal Tax Lien was filed on November 1, 1995. That notice of lien was refiled on November 8, 1999. On October 9, 1990, the IRS filed a Notice of Federal Tax Lien against Joyce Vura at the office of the Recorder of Wayne County, Wooster, Ohio. A corrected Notice of Federal Tax Lien was filed on January 10, 1996. That notice of lien was refiled on January 27, 2000.

## II.  Legal Standard

Summary judgment is appropriate when the evidence submitted shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). In seeking summary judgment, the moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the nonmoving party's case. *Waters v. City of Morristown*, 242 F.3d 353, 358 (6th Cir.2001). A fact is material if its resolution will affect the outcome of the lawsuit. *Daughenbaugh v. City of Tiffin*, 150 F.3d 594, 597 (6th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986)). In deciding whether the moving party has met this burden, a court must view the facts and all inferences drawn from them in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). However, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party satisfies this burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). It is not sufficient for the nonmoving party merely to show that there is some existence of doubt as to the material facts. *See id.*

A factual dispute precludes summary judgment only if it is material, that is, if it relates to a matter essential to adjudication. The dispute must concern facts that, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. The factual dispute must also be genuine. The facts must be such that if proven at trial a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. 2505. "The disputed issue does not have to be resolved conclusively in favor of the nonmoving party, but that party is required to present significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987) (citing *First Nat'l Bank of Ari-* zona v. Cities Serv. Co., 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)); *see also Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

In deciding a motion for summary judgment, the Court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *Nat'l Enters., Inc. v. Smith*, 114 F.3d 561, 563 (6th Cir.1997). Ultimately, the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Terry Barr Sales Agency, Inc. v. All–Lock Co.*, 96 F.3d 174, 178 (6th Cir.1996) (internal quotation marks omitted).

### III.  Analysis

The United States asks that their motion for summary judgment be granted and judgment be entered against Samuel S. Vura pursuant to 26 U.S.C. § 6672 in the amount of $54,898.43, which includes interest accrued through July 1, 2002, plus additional accrued interest since July 1, 2002. The United States asks that the Motion for Summary Judgment be granted and judgment entered against Joyce L. Vura pursuant to 26 U.S.C. § 6672 in the amount of $53,983.34, which includes interest accrued through July 1, 2002, plus additional accrued interest since July 1, 2002.[1] Further, the United States asks that the federal tax liens on real property located at 1893 Meadow Drive, Wooster, Ohio, be foreclosed and an order entered to permit the sale of that property.

### A.  26 U.S.C. § 6672

■ Section 6672(a) states that: "Any person required to collect, truthfully account for, and pay over any tax . . . who willfully fails to collect such tax, or truth-

---

1. The amount of interest due from each defendant varies because a delegate of the Secretary of the Treasury assessed Samuel Vura on December 18, 1989, but a delegate of the Secretary of the Treasury did not assess Joyce Vura until February 12, 1990.

fully account for or pay over such tax, ..., shall ... be liable for a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for or paid over." 26 U.S.C. § 6672(a). To be liable under § 6672, a taxpayer must: (1) be a "responsible person" under the statute, and (2) have "willfully" failed to pay over the taxes due. *Kinnie v. United States,* 994 F.2d 279, 283 (6th Cir.1993). "The taxpayer bears the burden of proving that he is not a responsible person under section 6672 and that he did not act willfully in failing to pay over the taxes." *Id.*

### 1. Responsible Person

■ Courts examine five factors to determine if a person is responsible for the payment of withholding taxes: (1) the duties of the officer as outlined by the corporate by-laws; (2) the ability of the individual to sign checks of the corporation; (3) the identity of the officers, directors, and shareholders of the corporation; (4) the identity of the individuals who hired and fired employees; (5) the identity of the individuals who are in control of the financial affairs of the corporation. *Id.* More than one person within a corporation may be deemed a "responsible person." *Id.* at 284. Significant, as opposed to absolute, control of the corporation's finances is sufficient to find liability. *Id.*

■ On his Form 4180, Samuel Vura described his duties and responsibilities as "running business all capacities." On her Form 4180, Joyce Vura indicated that she was "responsible for all activities related to accounting." The Defendants made all final financial decisions for Windor. They also signed and filed Windor's Employer's quarterly Federal Tax Return. The Defendants each had signature authority on all bank accounts maintained by Windor. Therefore, the Court finds that Samuel

and Joyce Vura are both responsible persons for the purposes of § 6672.

### 2. Willfullness

■ Willfulness exists if "the responsible person had knowledge of the tax delinquency and knowingly failed to rectify it when there were available funds to pay the government." *Ross v. United States,* 949 F.Supp. 536, 542 (N.D.Ohio 1996) (quoting *Gephart,* 818 F.2d at 475). "A failure to pay over taxes is willful, for section 6672 purposes, if it is voluntary, knowing and intentional even though it is not done with a bad purpose or an evil motive." *Calderone v. United States,* 799 F.2d 254, 259 (6th Cir.1986). "One who pays other creditors, rather than pay withholding taxes to the government, is liable for a willful failure to pay such taxes." *Id.* " '[E]vidence that the responsible person had knowledge of payments to other creditors after he was aware of the failure to pay withholding tax is sufficient for summary judgment.' " *Ross v. United States,* 949 F.Supp. 536, 542 (N.D.Ohio 1996) (quoting *Howard v. United States,* 711 F.2d 729, 735 (5th Cir.1983)).

■ On the Forms 4180, the Defendants admit that they continued to pay other creditors, including employees although they were aware of their tax liability. The Defendants were responsible to pay Windor's tax liability, and they failed to do so while they continued to pay other Windor creditors. Therefore, the Defendants acted willfully for the purposes of § 6672 by failing to pay the taxes Windor owed to the United States.

### B. 26 U.S.C. §§ 6321 & 6322

As a result of the Defendants' failure to pay the assessments against them, federal tax liens in the amounts of the assessments plus interest and other statutory additions arose pursuant to the provisions

of 26 U.S.C. §§ 6321 & 6322. On the date of each assessment, the government attached these liens to the property at 1893 Meadow Drive, Wooster, Ohio. The Court finds that these liens should be foreclosed.

IV. Conclusion

For the forgoing reasons, the Court grants the Plaintiff's motion for summary judgment. The Court also orders foreclosure of the federal tax liens on real property located at 1893 Meadow Drive, Wooster, Ohio. The court maintains jurisdiction to dispense the proceeds of the sale of the property.

IT IS SO ORDERED.